IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ERIKA IRIS JIMENEZ PEREZ,

Petitioner,

vs.

MARKWAYNE MULLIN, in their official capacity as Secretary of the United States Department of Homeland Security; TODD BLANCHE, in their official capacity as Acting Attorney General of the United States; TODD M. LYONS, in official capacity as Acting Director of the United States Immigration and Customs Enforcement; and DAVID EASTERWOOD, in their official capacity as Acting St. Paul Field Office Director for Enforcement and Removal Operations, United States Immigration and Customs Enforcement;

Respondents.

**8:26CV611**

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Erika Iris Jimenez Perez's petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Filing No. 1). Jimenez Perez, a noncitizen detained by U.S. Immigration and Customs Enforcement, filed her habeas petition on October 13, 2026, and alleges that her present immigration detention in Pottawattamie County Jail in Council Bluffs, Iowa is unlawful. (Filing No. 1 at 1). Upon review, this court lacks jurisdiction over Jimenez Perez's habeas petition and the court will transfer this case to the District Court of the Southern District of Iowa where Jimenez Perez is currently confined.

The Court finds that Jimenez Perez filed her petition in the wrong court. The Supreme Court has held that "[t]he plain language of the habeas statute thus confirms the general rule that

for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). As the Supreme Court explained in *Padilla*, "in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Padilla*, 542 U.S. at 435; *see also Id.* at 439 ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent."). Thus, where "a habeas petitioner is directly challenging the legality of his current custody, and seeking immediate release from his current confinement, he must seek a writ of habeas corpus that would be directed to his immediate custodian, and he must seek such relief in the district in which he is confined." *Alonso v. Off. of Couns./immigration & Customs Enf't*, No. 13CV02514 MJD/JJK, 2013 WL 5999485, at *2 (D. Minn. Nov. 12, 2013); *see also Kholyavskiy v. Achim*, 443 F.3d 946, 952–53 (7th Cir. 2006) (when an ICE detainee files a habeas corpus petition that directly challenges the legality of their current confinement, the immediate custodian must be the named respondent, and the petition must be filed in the district in which the detainee is confined).

Here, Jimenez Perez is confined at a facility in Council Bluffs, Iowa. (Filing No. 1 at 3). Jimenez Perez submits that the Pottawattamie County Jail is within the Omaha-Council Bluffs metropolitan area. (Filing No. 1 at 3). However, under *Padilla*, the proper respondent in this action is Petitioner's immediate custodian, i.e. the warden or chief executive official at the Pottawattamie County Jail, located in the Southern District of Iowa.

Because neither Jimenez Perez nor her immediate custodian is located in the District of Nebraska, this Court cannot exercise jurisdiction in this matter and cannot consider and decide the merits of Jimenez Perez's habeas petition. Pursuant to 28 U.S.C. § 1631, a district court that finds that it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which such action could have been brought. Upon transfer under § 1631, the action proceeds as if it had been originally filed in the court to which it is transferred. In this case, the Court finds that it would be in the interest of justice to transfer the instant case to the

United States District Court for the Southern District of Iowa[1] where Jimenez Perez is confined and her immediate custodian is located.

As an additional matter, the court also notes that the petition does not name as a respondent the person who has custody over Jimenez Perez. (Filing No. 1 at 1). As explained above, the federal habeas statute "straightforwardly provides that the proper respondent to a habeas petition is the person who has custody over the petitioner." *Padilla*, 542 U.S. at 434 (citation modified) (citing 28 U.S.C. § 2242); *see also* § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). The proper respondent requirement is jurisdictional. 28 U.S.C. § 2241(a).

Accordingly,

**IT IS ORDERED:**

1. This Court lacks jurisdiction over Petitioner's habeas petition. However, in the interest of justice, the Court will transfer this matter to the United States District Court for the Southern District of Iowa.
2. The Clerk of the Court is directed to take all necessary steps to transfer this matter to the United States District Court for the Southern District of Iowa.
3. The Clerk of the Court shall close and terminate this case in the District of Nebraska.

Dated this 14th day of October, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge

[1] The U.S. District Court for the Southern District of Iowa is located at 2146 27th Avenue, Council Bluffs, Iowa 51501.